CARROLL H. WEST AND MARY G. WEST, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 5270-73.    Filed November 20, 1974.

*A. Glenn Sowders, Jr.,* for the petitioners.
*John W. Paul,* for the respondent.

### OPINION

TANNENWALD, *Judge:* Respondent determined deficiencies in the petitioners' Federal income taxes for the taxable years 1970 and 1971 in the amounts of $513 and $608.06, respectively. The sole issue for decision is whether respondent properly disallowed a portion of petitioners' claimed automobile expense.

All of the facts have been stipulated and are incorporated herein by this reference.

Petitioners are husband and wife. They resided at 501 Ward Road, Lee's Summit, Mo., at the time they filed their petition herein. They filed joint Federal income tax returns on a cash basis for 1970 and 1971 with the Internal Revenue Service Center, Kansas City, Mo. The deficiencies relate to the business activities of Carroll H. West, who is hereinafter referred to as petitioner.

Petitioner during 1970 and 1971 operated two newspaper delivery routes under separate contracts with the Kansas City Star Co. The two routes were geographically distinct and bore separate route numbers (Route 6-I and Route 197). Although the newspaper pickup point was the same for both routes, papers were received from different Kansas City Star delivery trucks. Customers on Route 6-I were delivered the "State" edition of the newspaper, while the customers on Route 197 received the "Metro" edition.

Petitioner employed a different driver for each route. The routes were not readily interchangeable between drivers because the customers to be served were continually changing on a day-to-day basis. It would have been impossible to cover both routes with a single delivery truck. Each driver was assigned a specific truck throughout the years in issue, which truck was employed exclusively for pickup and delivery of newspapers on the route covered by that driver. The trucks were garaged at the homes of their respective drivers.

Petitioner maintained a single bank account, distinct from his personal account, for all receipts and disbursements arising from the operation of the two delivery routes. He kept a separate set of records for all items of income and expense (except for vehicle expense) arising from the operation of each route. These records were physically retained within one binder. Petitioner used one serviceman for repair and maintenance of both delivery trucks who was aware of the need for repairs and the time limit for making such repairs, and who also refueled the trucks. A single statement was rendered for all repair, maintenance, and fuel for both trucks.

Petitioner's only contention is that he is entitled to determine his business deductions for automobile expense by the simplified method embodied in Rev. Proc. 70-25, 1970-2 C.B. 506.[1] On his joint returns, he deducted accordingly 12 cents per mile for the first 15,000 miles and 9 cents for each additional mile traveled by the trucks in the aggregate. On brief, he apparently now claims to be entitled to a separate Rev. Proc. 70-25 mileage deduction for *each* truck. Respondent denied petitioner the use of the simplified method and allowed only the substantiated specific deductions for depreciation, gas and oil, repairs, taxes, and

---

[1] For taxable years beginning after Dec. 31, 1973, Rev. Proc. 70-25 is superseded by Rev. Proc. 74-23, 1974-2 C.B. 476.

insurance which aggregate a lesser amount. He based his determination on the restrictions embodied in Rev. Proc. 70-25, *supra,* as follows:

.02 The use of the simplified method is limited to a self-employed individual or an employee who operates only one automobile at a time for business purposes. Where a person alternates in using different automobiles on different occasions for business purposes, the standard mileage rate applies to the total business mileage of such automobiles, as if they were one, to arrive at a deduction. Similarly, if an individual replaces his automobile during the year, the total business mileage for the year of both automobiles must be used, as if they were one, in applying the standard mileage rate.

.03 This method is not acceptable for computing the deductible costs of (A) vehicles used for hire, such as taxicabs, or (B) two or more automobiles used simultaneously, such as in fleet operations.

Petitioner does not challenge the validity of this limitation; however, he contends it is not applicable to him. We agree with respondent.

Rev. Proc. 70-25 in itself creates no deduction, but was intended to provide some relief from the substantiation requirements of sections 162 and 274 of the Internal Revenue Code of 1954 for self-employed individuals and employees using their own vehicles on business. *J. Bryant Kasey,* 54 T.C. 1642 (1970), affirmed per curiam 457 F.2d 369 (C.A. 9, 1972). Substantiation is difficult for such persons both because of the need for detailed recordkeeping and the problem of allocating such expenditures as maintenance and gasoline between business and personal uses. The respondent is clearly entitled to place restrictions on the size and type of businesses qualifying for this special treatment. The fact that alternatives might have been adopted or improvements made is beside the point absent any constitutional discrimination which petitioners do not claim and which, in any event, we do not perceive to exist. Compare *United States v. Correll,* 389 U.S. 299 (1967).

We hold that the revenue procedure was not intended to apply to petitioner's type of operation. It focuses on the individual who "operates only one automobile at a time" for business purposes, and specifically excludes vehicles "used simultaneously, as in fleet operations." Clearly, petitioner falls within the literal language of this exception. He attempts to avoid this result by arguing that he was engaged in separate trades or businesses. Whatever the merit of that contention in other contexts, and without expressing any opinion whether the revenue procedure might

nevertheless still apply, we believe petitioner's use of the two trucks was sufficiently integrated to constitute a single operation for present purposes. The facts show that the expense of operating both trucks, which after all is the subject of this controversy, was accounted for as a unit by petitioner.

We sustain respondent's determination that petitioner was subject to the usual substantiation and recordkeeping requirements applicable to businesses generally.

*Decision will be entered for the respondent.*