BENNY W. AND MARTHA H. MORETZ, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Moretz v. Commissioner
Docket No. 3666-76.
United States Tax Court
T.C. Memo 1977-334; 1977 Tax Ct. Memo LEXIS 101; 36 T.C.M. (CCH) 1341; T.C.M. (RIA) 770334; September 27, 1977, Filed Benny W. Moretz, pro se. Gary F. Walker, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency of $1,113.41 in petitioners' Federal income tax for *102 1973. Two issues are presented for decision: 1. Whether respondent erred in allowing only $1,634.94 and disallowing the balance of the $4,000 claimed by petitioner Benny W. Moretz as a deduction for expenses for meals and lodging incurred while away from home in the pursuit of his business. 2. Whether respondent erred in allowing only $1,200 and disallowing the balance of the $3,200 claimed by petitioner Benny W. Moretz as automobile transportation expenses incurred in carrying on his business. FINDINGS OF FACT Petitioners Benny W. Moretz (hereinafter petitioner) and Martha H. Moretz, husband and wife, were legal residents of Raleigh, North Carolina, when they filed their petition. They filed their joint Federal income tax return for 1973, employing the cash method of accounting, with the Internal Revenue Service Center, Chamblee, Georgia. During 1973, petitioner worked as a carpenter for the display department of Moore's Building Supplies. Petitioner's duties included doing the carpentry work necessary to construct gondolas, counters, and shelves for the display of merchandise offered for sale in certain stores operated by Moore's Building Supplies in North Carolina, *103 South Carolina, Virginia, Pennsylvania, and Maryland. His home was located in Raleigh, North Carolina. When petitioner was assigned to do carpentry work outside of Raleigh, he drove his automobile to that city, stayed in an inexpensive motel while away from home, and ate his meals in restaurants. He frequently drove home on weekends, and the number of nights he spent in motels each week he was handling out-of-Raleigh assignments depended on how far the assignment was away from his home. The following schedule shows the cities where petitioner worked in 1973, the dates of such work, and the number of nights he spent in motels: No. Nights City
Dates
in Motels
Hartsville, S.C.
Jan. 14--Feb. 24
34
Ashboro, N.C.
Feb. 25--Mar. 31
19
Lynchburg, Va.
May 6--June 2
24
Greensboro, N.C.
June 3--July 28
35
Winchester, Va.
Aug. 19--Sept. 29
39
Burlington, N.C.
Sept. 30--Nov. 3
20
Petersburg, Va.
Nov. 4--Dec. 8
24
Chambersburg, Pa.
Dec. 9--Dec. 15
7
Salisbury, Md.
Dec. 16--Dec. 22
6
Petitioner did not keep books or other records substantiating his motel expenses. He retained receipts for the motel costs for only a few nights spent in *104 Winchester, Va., Petersburg, Va., Salisbury, Md., and Burlington, N.C. Petitioner maintained no records of the costs of his meals. During 1973, petitioner owned and drove a 1970 Chevrolet automobile. On April 13, 1972, this car was inspected by the North Carolina Department of Motor Vehicles, and the odometer reflected mileage of 47,318. The car was inspected again on May 29, 1973, and the odometer reflected mileage of 64,536.During part of 1973, however, the odometer was broken. During that year, petitioner drove the automobile 26,846 miles in connection with his trade or business. In their 1973 Federal income tax return, petitioners deducted $4,000 for meals and lodging and $3,200 for business use of his automobile. In the notice of deficiency, respondent allowed deductions of $1,634.94 for meals and lodging and $1,200 for the business use of petitioner's automobile. Petitioners also claimed on their return a medical expense deduction of $429.02, and respondent allowed a deduction of $259.12. OPINION 1. Meals and Lodging Expenses
Section 162(a) [1]/ allows as a deduction all ordinary and necessary business expenses incurred during the taxable year. Such *105 expenses include "traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business." Sec. 162(a)(2). However, section 274(d) provides that no deduction shall be allowed under section 162 for traveling expenses, "including meals and lodging while away from home," unless the taxpayer substantiates such expenses "by adequate records or by sufficient evidence corroborating his own statement." The substantiation must cover the amount of the expense, the time and place it was incurred, and its business purpose. Thus, the section 274 requirements are in addition to those specified by section 162(a)(2). Sanford v. Commissioner,50 T.C. 823, 826 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969), cert. denied 396 U.S. 841 (1969). Petitioner has no records (except a few motel receipts) of any kind with respect to the amount of the cost of his meals and lodging while away from home. We *106 recognize that petitioner, a carpenter, stayed in inexpensive motels and ate at modest restaurants while working away from Raleigh. Even so, he may have spent more for meals and lodging than respondent allowed. However, the language of the section and its accompanying regulations is so sweeping that we can find no exception in them to permit us to allow any additional amount based on an estimate. Respondent has allowed a meals and lodging deduction of $1,634.94. The record does not show the basis of this allowance, but it ameliorates to some extent the impact of the section 274 requirements. We reluctantly sustain respondent's determination on this issue. Sanford v. Commissioner,supra; Ashby v. Commissioner,50 T.C. 409 (1968). [2]/ 2. Automobile Expense Deduction
As to the transportation expenses, we think petitioner has shown that he drove his automobile 26,846 miles in 1973 in connection with his work for which he is entitled to a deduction computed at the rate of 12 cents per mile *107 pursuant to Rev. Proc. 70-25, 1970-2 C.B. 506. Kasey v. Commissioner,54 T.C. 1642, 1650 (1970), affd. per curiam 457 F.2d 369 (9th Cir. 1972), cert denied 409 U.S. 869 (1972); West v. Commissioner,63 T.C. 252, 254 (1974). [3]/ To reflect the foregoing, Decision will be entered under Rule 155. [4]/ Footnotes
1. /↩ All section references are to the Internal Revenue Code of 1954, as in effect during the tax year in issue.
2. / See also Morey v. Commissioner,T.C. Memo. 1972-95; Boul v. Commissioner,T.C. Memo. 1976-336↩.
3. / See also Scott v. Commissioner,T.C. Memo. 1974-279; Clay v. Commissioner,T.C. Memo. 1975-151↩.
4. /↩ The disallowance of a portion of the claimed medical expense deduction was a mechanical adjustment made pursuant to the limitation provisions of sec. 213 and will be readjusted as required by that section in the Rule 155 computation.