SAMMY R. DILLON and PAMELA KAY DILLON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dillon v. Commissioner
Docket Nos. 35445-85, 44952-86.
United States Tax Court
T.C. Memo 1989-14; 1989 Tax Ct. Memo LEXIS 14; 56 T.C.M. (CCH) 1040; T.C.M. (RIA) 89014; January 10, 1989. Sammy R. Dillon and Pamela Kay Dillon, pro sese. Marilyn S. Ames, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined deficiencies in petitioners' Federal income taxes for the following taxable years: Additions to Tax
Docket No.
Taxable Year
Deficiency
6653(a)(1) [1]
6653(a)(2)
35445-85
1982
$ 4,192.00
--
--
44952-86
1983
5,238.79
$ 261.94
*
*16 The above cases were consolidated for trial, briefing, and opinion. Respondent has conceded that petitioners are not liable for a deficiency in Federal income tax or self-employment tax for the taxable year 1982. After concessions by both parties with respect to the taxable year 1983, the issues remaining for our decision are: (1) whether petitioner was an independent contractor in the business of distributing newspapers for the Houston Chronicle Publishing Company; (2) whether petitioners may deduct $ 20,075 as automobile expenses based upon mileage, in lieu of the actual expenses claimed on their Federal income tax return; (3) whether petitioners may claim, as a deduction, travel and entertainment expenses in the amount of $ 1,118.42; rent and wage expenses in excess of the amounts previously allowed by respondent; miscellaneous expenses in the amount of $ 2,747.94 for house repairs, tools, and dues; and a farm loss in the amount of $ 17,050; and (4) whether petitioners are liable for additions to tax pursuant *17 to section 6653(a)(1) and section 6653(a)(2). FINDINGS OF FACT Some of the facts of this case have been stipulated and are so found. The stipulation of facts and accompanying exhibits are incorporated by this reference. Petitioners resided in Texas at the time the petitions herein were filed. During 1982 and 1983, Sammy R. Dillon (hereinafter petitioner) executed a series of six contracts with the Houston Chronicle Publishing Company (the Chronicle) to distribute newspapers throughout an area in northeast Texas. These contracts set forth two delivery routes for the delivery of newspapers. Although petitioner's wife, Pamela Kay Dillon (Pamela), never executed any contracts with the Chronicle, she operated one route and petitioner operated the other. Pamela was never paid by the Chronicle but rather would collect money through the sales of the newspapers. Other individuals were hired by petitioner to operate the routes when he and his wife would take a day off. The consent of the Chronicle for the employment of these individuals was never sought or obtained. Pursuant to each contract, the vehicles used in delivering the newspapers were to be owned by petitioner and were *18 to meet the Chronicle's specifications for size and protection of newspapers. Petitioner agreed to maintain liability insurance on the vehicles and workmen's compensation insurance on all his employees as well as to indemnify the Chronicle against any claims caused directly or indirectly by petitioner or his employees. Petitioner was to be paid a net fee each month plus an additional amount for each daily and Sunday paper actually delivered. None of the contracts contained a provision that petitioner was to be charged for the newspapers. Each contract specifically provided that petitioner was to obtain and maintain any necessary business licenses and operate such business as an independent contractor. Each party was allowed to terminate each contract, with or without cause, provided 30 days written notice was given to the other party. The Chronicle paid petitioner by calculating an amount due under each contract and subtracting a charge for the papers given to petitioner to distribute and a charge for the newspapers due the Chronicle. The Chronicle did not inspect or approve the vehicles used by petitioner nor did they monitor the number of hours petitioner worked each day. Petitioners *19 reported the expenses involved in the operation of their newspaper delivery business on Schedule C of their 1983 joint Federal income tax return. Petitioners claimed the following deductions on their 1983 joint Federal income tax return: automobile expenses in the amount of $ 11,676.39 based upon actual expenditures from the use of their car and trucks in the operation of their newspaper distribution business; travel and entertainment expenses in the amount of $ 1,118.42; rent expense in the amount of $ 1,500 for rent on business property and wage expense in the amount of $ 19,221.64 for wages in connection with petitioner's newspaper distribution business; miscellaneous expenses in the amount of $ 2,747.94 for house repairs, tools, and dues; and a farm loss in the amount of $ 17,050. The Commissioner allowed a deduction for rent in the amount of $ 671 and a deduction for wages in the amount of $ 18,112.05. The Commissioner determined that petitioners incorrectly reported their income from the Chronicle in 1983 and recomputed it to be $ 57,731. Petitioners agree with this determination and concede that they filled out their joint Federal income tax return for 1983 incorrectly. *20 The Commissioner determined that the income petitioner received from the Chronicle was income as an independent contractor from a trade or business and not as an employee. As a result of this determination, the Commissioner mailed a notice of deficiency to petitioners for the taxable year 1983, imposing a self-employment tax on the amounts reclassified as income from a trade or business. In addition, the Commissioner disallowed deductions taken by petitioners for automobile expenses, travel and entertainment expenses, rent and wage expenses in excess of the amounts allowed by the Commissioner, miscellaneous expenses, and a farm loss. Finally, the Commissioner imposed section 6653(a)(1) and section 6653(a)(2) additions to tax for taxable year 1983. OPINION Employee v. Independent Contractor Status
Section 1401(a) and (b) imposes a tax on the self-employment income of every individual. If an individual derives income from any trade or business as an employee, however, such self-employment tax is not applicable. Sec. 1402(a); sec. 1402(c). In defining the term, employee, for self-employment tax purposes, section 1402(d) provides that the term shall have the same meaning *21 as when used in chapter 21 (section 3101 and following, relating to Federal Insurance Contributions Act) -- specifically, section 3121(d). (d) Employee. -- For purposes of this chapter, the term "employee" means -- * * * (2) any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee; Section 31.3121(d)-1(c)(2), Employment Tax Regs., provides: (2) Generally such relationship exists when the person for whom services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work but also as to the details and means by which that result is accomplished. That is, an employee is subject to the will and control of the employer not only as to what shall be done but how it shall be done. In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed; it is sufficient if he has the right to do so. The right to discharge is also an important factor indicating that the person possessing that right is an employer. Other factors characteristic of *22 an employer * * * are the furnishing of tools and the furnishing of a place to work, to the individual who performs the services. In general, if an individual is subject to the control or direction of another merely as to the result to be accomplished by the work and not as to the means and methods for accomplishing the result, he is an independent contractor. An individual performing services as an independent contractor is not as to such services an employee under the usual common law rules. Whether an employment relationship exists is to be determined by examining the facts of each case. Simpson v. Commissioner,64 T.C. 974, 984-985 (1975). Petitioners have brought forth no evidence whatsoever, other than petitioner's testimony at trial, proving that he is an employee of the Chronicle. The distributorship contracts provide that petitioner is an independent contractor and an employer-employee relationship is not created or intended. The only control that the Chronicle retained over petitioner was the vehicle, insurance, and business license requirements. Petitioner was free to operate in any manner he chose, profitably or not, as long as the Houston Chronicle *23 was delivered. Petitioner testified that the Chronicle never inspected or inquired of the vehicles used by petitioners to deliver the newspapers, nor did they consent to the hiring of additional employees. Petitioner was subject to the control of the Chronicle only as to the result to be accomplished and not as to the means and methods of accomplishing it. Petitioner was an independent contractor in the business of distributing the Houston Chronicle and, as such, is liable for the self-employment tax from the gross income derived from such business. Automobile Expense Deduction
In their 1983 joint Federal income tax return, petitioners claimed $ 11,676.39 based upon actual expenditures from the use of their car and trucks in the operation of their newspaper distribution business. Respondent has conceded in his brief that petitioners are entitled to this amount. However, in their trial memorandum as well as at trial, petitioners claimed a deduction for car and truck expenses based upon mileage rather than actual expenses. They argue that they are entitled to a deduction of $ 20,075 based upon a mileage rate of $ .11 per mile, 500 miles per day for 365 days. In West v. Commissioner,63 T.C. 252 (1974), *24 the taxpayer operated two newspaper delivery routes. The two trucks that were used for such delivery were used exclusively for pickup and delivery of the newspapers. The taxpayer in West contended, in his brief, that he was entitled to determine his business deductions for automobile expenses based upon the method embodied in Rev. Proc. 70-25, 1970-2 C.B. 506, as each truck was used in a separate business.[2]
We held that this revenue procedure was not intended to apply to this taxpayer's type of operation. "It focuses on the individual who 'operates only one automobile at a time' for business purposes, and specifically excludes vehicles 'used simultaneously, as in *25 fleet operations.'" West v. Commissioner, supra at 254. We found that the taxpayer's use of the two trucks was sufficiently integrated to constitute a single operation. The facts of West are indistinguishable from the instant case. Petitioners operated two newspaper delivery routes pursuant to contracts entered into by petitioner. On their 1983 joint Federal income tax return, petitioners accounted for the expenses in the operation of these trucks as a unit on Schedule C. There is no evidence that petitioner's wife, Pamela, entered into any contracts with the Chronicle, thereby establishing an independent carrier route. Accordingly, petitioners are excluded from using mileage rather than actual expenses. Other Deductions
Petitioners have produced no evidence at trial or in their brief to support the deductions for travel and entertainment expenses, rent and wage expenses in excess of the amounts allowed by respondent, miscellaneous expenses, and the farm loss. Therefore, we sustain the Commissioner's determinations as to these amounts. Additions to Tax
The addition to tax under section 6653(a)(1) imposes an addition to tax in the amount *26 of 5 percent of an underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of the rules and regulations. Section 6653(a)(2) imposes a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence. Negligence is defined as a failure to exercise the due care that a reasonable and ordinarily prudent person would under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Section 6001 imposes upon all taxpayers the obligation to maintain accurate books and records to enable substantiation of income and expenses. Petitioners have produced no evidence of any books and records substantiating their claimed deductions for travel and entertainment, rent, wages, miscellaneous deduction for repairs, tools, and dues, and the farm loss. Because petitioners failed to maintain such records, we sustain the Commissioner's additions to tax. Due to concessions by respondent with respect to the taxable year 1982, and concessions by both parties with respect to the taxable year 1983, Decision will be entered for the petitioners in docket No. *27 35445-85. Decision will be entered under Rule 155 in docket No. 44952-86.
Footnotes
1. Unless otherwise indicated, all section numbers refer to the Internal Revenue Code in effect for the taxable year 1983.↩
*. 50% of the interest due on $ 2,868.00. ↩
2. Rev. Proc. 82-61, 1982-2 C.B. 849, 850, modified by Rev. Proc. 83-74, 1983-2 C.B. 593, a superseding revenue procedure to Rev. Proc. 70-25↩ and one that petitioners rely upon in the instant case, embodies this "fleet exception" at section 3.012(a), "The optional method is not acceptable for computing the deductible expenses of (A) vehicles used for hire, such as taxicabs, (B) two or more automobiles used simultaneously, such as in fleet operations * * *."