EDWARD EUGENE AND SYLVIA ETTA PARKER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Parker
Docket No. 9467-91
United States Tax Court
T.C. Memo 1993-15; 1993 Tax Ct. Memo LEXIS 17; 65 T.C.M. (CCH) 1740; January 13, 1993, Filed *17 Decision will be entered pursuant to Rule 155. Edward Eugene and Sylvia Etta Parker, pro se. For Respondent: Bruce Gardner. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was heard pursuant to section 7443A(b) and Rules 180, 181, and 182. [1]
Respondent determined deficiencies in petitioners' Federal income tax for taxable years 1986 and 1987, together with additions to tax, in the following amounts: Additions to tax
Year
Deficiency
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1986
$ 2,586
$ 129.30
[1]
1987
$ 4,201
$ 210.05
[1]
After *18 concessions, [2] the issues for decision are: (1) Whether petitioners maintained adequate records and are thus allowed to use the actual method of determining car expenses for each year, (2) whether petitioners substantiated the underlying actual car expenses for each year, (3) whether petitioners failed to report items which should have been included in gross income for each year, and (4) whether petitioners are liable for additions to tax for negligence pursuant to section 6653(a)(1)(A) and (B) in each year. *19 Some of the facts have been stipulated, and they, together with attached exhibits, are so found. Petitioners resided at Sacramento, California, when they timely filed their petition herein. Petitioner husband Edward Eugene Parker (hereinafter petitioner) was ordained as pastor of Kyles Temple African Methodist Episcopal Zion Church of Sacramento, California, in 1982. In 1986 and 1987 petitioner often traveled by car in connection with his ministry, and he reported travel expenses on his return for both years, using the actual method. Respondent recalculated petitioner's claimed expenses, determining that petitioner must use the standard rate method to determine the car expense on the ground that petitioner failed to establish the total miles driven for each year. The parties stipulated that petitioner drove 13,170 business miles in 1986 and at least 12,274 business miles in 1987. These stipulated miles were not derived by way of a mileage log but instead by reconstructing the number of business miles by referring to actual receipts of petitioner. Petitioner kept no documentation during 1986 or 1987 which showed his personal use of his vehicle. Respondent argues that without *20 adequate substantiation of the total number of miles driven in 1986 or 1987, respondent is unable to determine a business percentage of the miles driven; thus, petitioner may not use the actual method for either year. Respondent also alleges that petitioner is unable to use the actual method, because he did not substantiate his actual expenses for 1986 and 1987. Accordingly, respondent allowed travel expenses based on the standard mileage method. In both years petitioner drove a 1980 Mercedes, bought in 1984 with 89,826 miles, for both personal and business miles. Respondent also determined that petitioners omitted from their 1986 return a state income tax refund of $ 221 paid to petitioner wife. In addition, respondent determined that gross income in the amount of $ 1,000 based on a discharge of a Department of Education debt should have been included in petitioners' gross income in 1987. Petitioners received Forms 1099-G reflecting that they had received these sums, yet they failed to report the tax refund or the discharged debt on their 1986 and 1987 returns, respectively, and they did not attach a statement to their returns explaining why these items were not reported. *21 Petitioners dispute respondent's determinations of the following 1987 Schedule A deductions: a. Car expenses
$   774
b. Car insurance
1,360
c. Depreciation on car
4,583
d. Personal interest
2,547
The parties agree that automobile interest expense in the amount of $ 1,541 has been substantiated for the 1987 tax year, but petitioners contest respondent's characterization of the entire $ 1,541 interest paid for the 1980 Mercedes as personal interest. It is also agreed that petitioner paid automobile insurance of $ 1,073 and $ 822.64 in 1986 and 1987, respectively. Respondent contends that petitioner has not shown which automobile the insurance covered and the business use of that automobile. Business vehicle expense deduction. Section 162 allows as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. It is well established that deductions are a matter of legislative grace, and petitioners have the burden of proving entitlement to any deductions claimed on a return and that respondent's determinations are erroneous. Welch v. Helvering, 290 U.S. 111 (1933). *22 Taxpayers must substantiate their deductions, including business vehicle expenses. See sec. 6001. Petitioner has demonstrated that it was necessary for him to incur expenditures for the operation and maintenance of his automobile so that he could carry on his ministry. His deduction must be limited, however, to only that portion of expenses properly allocable to business use. His personal expenses, including commuting expenses, are not deductible. Sec. 262. Petitioner used only one vehicle for all of his business use, but he used the same vehicle for personal use as well. In order to deduct his actual automobile expenses, he must substantiate his business use of his automobile by keeping adequate records of his business use. Sec. 274(d). He must allocate expenses such as gasoline and repairs between personal and business use. West v. Commissioner, 63 T.C. 252 (1974). In short, petitioner must show the number of business miles he drove in relation to the total number of miles he drove each year, and he must substantiate his actual expenses for each year. Respondent did not allow petitioner to deduct automobile expenses using the actual method, *23 on the ground that petitioner did not maintain adequate books and records to allow respondent to compute a business use percentage of petitioner's Mercedes for each year. Instead, respondent allowed petitioner automobile expense deductions on a reconstructive basis, using the standard rate method. We uphold respondent's determination on this issue. Petitioner did not substantiate the total number of miles the car was used in 1986 or in 1987. Although he established the number of miles on the car when he purchased it in 1984 and the number of miles on the car several months before he sold it in 1987, we could only estimate what his business percentage was for each year. The substantiation requirements of section 274(d) do not allow for such an estimation. Petitioner rarely recorded his destination, mileage, date, or business purpose when he traveled. He merely saved receipts for gasoline and hotel expenses. He kept no log or documentation during 1986 or 1987 which showed his personal use of the vehicle, and he did not substantiate all of his claimed business expenditures, such as insurance. Accordingly, petitioner may deduct his automobile expenses by using the standard rate *24 method only, which is 21 cents per mile in 1986, Rev. Proc. 86-38, 1986-2 C.B. 701, and 22.5 cents per mile in 1987, Rev. Proc. 87-49, 1987-2 C.B. 646, as respondent had determined. The deductions computed under the standard mileage rate are in lieu of separate deductions for depreciation and actual operating costs, except for business parking fees and tolls. Thus, petitioner may not deduct any portion of his insurance payments for 1986 or 1987, because such costs are covered by the standard rate. The parties agree that interest expense on petitioner's car loan in the amount of $ 1,541 has been substantiated for the 1987 tax year, but petitioners contest respondent's characterization of the entire amount as personal interest. Personal interest could only be deducted by noncorporate taxpayers in 1987 according to the limitations set forth in section 163(h)(6). Petitioners assert that a percentage of the $ 1,541 is not personal interest, because the Mercedes was used in carrying on petitioner's ministry. Due to the fact, however, that petitioner did not maintain adequate records so that a business *25 use percentage could be computed, the interest expense cannot be apportioned between personal and business use. Petitioner must, therefore, characterize the $ 1,541 interest expense as personal interest, since his actual business use was not substantiated. The deductibility of this sum is subject to the limitations set forth in section 163(h). The remaining $ 1,006 of interest expense claimed was not substantiated and is not deductible. Items of unreported income. Respondent determined that petitioners did not report income in 1986 in the amount of $ 221, based on a State tax refund that petitioner wife received in that year in connection with her 1985 return. [3] Petitioners were not married in 1985. Respondent also determined that petitioners failed to report 1987 income in the amount of $ 1,000 based on the discharge of a Department of Education debt. Petitioners received a Form 1099-G for each of these items reflecting income of $ 221 in 1986 and $ 1,000 in 1987, yet petitioners did not report either of these items of income.
*26 Section 6653(g) provides that if an amount is shown on an information return, and the payee fails to properly show this amount of income on his return, then this underpayment is due to negligence in the absence of clear and convincing evidence to the contrary. Petitioner wife filed a short Form 1040 in 1985, and she did not itemize for that year. Thus, the $ 221 refund she received in 1986 regarding her 1985 tax is not includable in her income as she received no tax benefit in 1985. Sec. 111. Petitioner husband signed up for a sales course from a company whose name he can no longer recall. The tuition for the course was to be $ 1,000. The company never gave the course, and petitioner never received any loan proceeds. When petitioner started receiving repayment requests he explained the circumstances to the lender and asked the lender to remove the loan from the records. That was done. We hold that petitioner did not have forgiveness of indebtedness income from this transaction. Negligence. Respondent determined that petitioners were liable for additions to tax for negligence under section 6653(a). Petitioners failed to report the 1987 tax refund. They failed to report *27 self-employment income and failed to keep adequate books and records in both 1986 and 1987. Negligence under 6653(a) is lack of due care, or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Respondent's determinations that petitioners' underpayments of tax were due to negligence or intentional disregard of rules or regulations are "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337. Petitioners therefore bear the burden of proving they are not liable for the additions to tax. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972); Enoch v. Commissioner, 57 T.C. 781, 802 (1972). We conclude on this record that petitioners were negligent in all their underpayments of tax for both years. *28 To give effect to concessions and the foregoing, decision will be entered pursuant to Rule 155. Footnotes
1. Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the years at issue; Rule references are to the Tax Court Rules of Practice and Procedure.↩
1. 50 percent of the interest due on the full deficiency in 1986 and on $ 4,189 for 1987.↩
2. The parties stipulated to matters too numerous to detail here. At trial, the parties agreed that if the Court allows petitioners to deduct automobile expenses by way of the actual method, then petitioner's gasoline expenses would be calculated by estimating gas mileage of 18 miles per gallon at a cost of $ 1 per gallon. Petitioner Edward Parker agrees he is subject to self-employment taxes each year, and respondent agrees that the computation for self-employment tax included the amount of the parsonage allowance twice and accordingly is overstated by $ 4,800 and $ 5,100 for 1986 and 1987, respectively.↩
3. Petitioners received a refund of 1986 State taxes in 1987 which they failed to report. They have conceded that this amount is includable in their 1987 income.↩