# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4137

_____

Brad Montagne; Teri Montagne,     *
                              *
            Appellants,            *
                              *   Appeal from the United States
     v.                           *   Tax Court.
                              *
Commissioner of Internal Revenue,   *         [UNPUBLISHED]
                              *
            Appellee.             *

_____

Submitted: February 7, 2006
Filed: February 10, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Brad and Teri Montagne appeal from an order of the United States Tax Court[1] holding that the IRS correctly assessed tax deficiencies and penalties against them for the years 1997 and 1998. For reversal, the Montagnes argue that the tax court clearly erred in finding that their horse breeding and training activities were not "engaged in for profit," within the meaning of 26 U.S.C. § 183, and erred in concluding that they were subject to self-employment taxes for Brad Montagne's income as a chiropractor. We affirm.

_____

[1]The Honorable Juan F. Vasquez, United States Tax Court Judge.

We review for clear error the tax court's finding that the Montagnes lacked sufficient profit motivation to allow the proposed deductions under section 183. See Evans v. Commissioner, 908 F.2d 369, 372 (8th Cir. 1990) (review standard). We will reverse the tax court's finding only if, on review of all the evidence, we are "left with the definite and firm conviction that a mistake has been committed." Id. at 372-73. An activity meets the section 183 standard if it is "engaged in with the primary purpose of earning a profit." Westbrook v. Commissioner, 68 F.3d 868, 875-76 (5th Cir. 1995). The taxpayer bears the burden to prove sufficient profit motivation, and the courts will afford greater weight to objective facts than mere statements of intent. See Evans v. Commissioner, 908 F.2d at 372-73.

The evidence in the present case established, among other things, that the Montagnes lacked a written business plan or financial projections for their horse breeding and training activities; that they maintained a single bank account for both personal and farm expenses; that they failed to generate separate business records for their horse-related activities; and that they failed to develop economic expertise or to solicit such expertise from others regarding their horse-related activities. In light of these objective facts, we cannot say that the tax court clearly erred in its finding. See, e.g., Filios v. Commissioner, 224 F.3d 16, 21-24 (1st Cir. 2000) (affirming tax court's finding that horse-racing and breeding activities were not primarily for profit where, among other things, taxpayer did not maintain financial records or projections other than those compiled by accountant for preparation of tax returns and did not develop or seek expertise regarding economic aspects of horse breeding).

Regarding the self-employment taxes, the Montagnes do not dispute the tax court's findings that Dr. Montagne "operated his chiropractic practice as a sole proprietorship and had net profits of $86,960 and $90,719 in 1997 and 1998, respectively." We therefore conclude that the self-employment taxes were properly assessed against them. See 26 U.S.C. §§ 1401(a), 1402(a), (b) (self-employment tax applies to net earnings from self-employment, which generally means "income

derived by an individual from any trade or business carried on by such an individual" except for net earnings less than $400); Howard E. Clendenen, Inc. v. Commissioner, 207 F.3d 1071, 1075 (8th Cir. 2000) (sole proprietor is considered to be his or her own employer and therefore is self-employed). Even if Dr. Montagne was an independent contractor, as he argues, he would not be exempt from the self-employment tax. See Dillon v. Commissioner, 902 F.2d 406, 409 (5th Cir. 1990) (taxpayer was independent contractor and therefore properly assessed self-employment tax).

The order of the tax court is affirmed.

_____