**Brad J. MONTAGNE, Teri L. Montagne, Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 09–201.

United States Court of Federal Claims.

Oct. 30, 2009.

Brad J. Montagne, Plaintiff, pro se.

Teri L. Montagne, Plaintiff, pro se.

Allison Ickovic, United States Department of Justice, Tax Division, Washington, D.C., Counsel for Defendant.

## MEMORANDUM OPINION AND FINAL ORDER

BRADEN, Judge.

## I. RELEVANT FACTS.[1]

### A. Plaintiffs' 1996 Taxes.

On June 7, 2000, the Internal Revenue Service ("IRS") sent Plaintiffs a Notice of Tax Deficiency regarding their 1996 taxes. Gov't Mot. Ex. A & B. The Notice informed Plaintiffs that they owed $19,488.00 for tax year 1996, for which they were assessed a tax delinquency penalty under 26 U.S.C. § 6651(a)(1)[2] of $3,927.50 and a tax accuracy penalty under 26 U.S.C. § 6662(d)(1)[3] of $3,897.60. Id. The Notice informed Plaintiffs that they had 90 days to file a petition with the United States Tax Court ("Tax Court"), if they wanted a redetermination of the deficiency. Id. Plaintiffs never filed a petition, because the June 4, 2009 Second Amended Complaint alleges that Plaintiffs did not receive the June 7, 2000 Notice regarding their 1996 taxes. Sec. Am. Compl. at 1–2.

### B. Plaintiffs' 1997 And 1998 Taxes.

On April 2, 2002, the IRS sent Plaintiffs a Notice of Tax Deficiency regarding their 1997 and 1998 taxes. Gov't Mot. Ex. C. This Notice reported that Plaintiffs owed $17,091.00 for tax year 1997 and $17,867.00 for tax year 1998. Id. In addition, Plaintiffs were assessed a tax delinquency penalty un-

der 26 U.S.C. § 6651(a)(1) of $3,956.00 for 1997 and a tax accuracy penalty under 26 U.S.C. § 6662(d)(1) of $3,418.00 for 1997 and $3,573.00 for 1998. Id. The Notice informed Plaintiffs that they had 90 days to file a petition with the Tax Court, if they wanted a redetermination of the deficiency. Id. On July 1, 2002, Plaintiffs filed a Petition with the Tax Court challenging the IRS's deficiency determinations regarding taxes due for 1997 and 1998. Id.

### C. Plaintiffs' 1999 Taxes.

On November 5, 2001, the IRS assessed Plaintiffs with an unpaid tax liability of $3,625.34 for their 1999 taxes. Gov't Mot. Ex. D. Plaintiffs did not receive a Notice of Deficiency, because notice is not required when an assessment is based on a taxpayers' self-reported tax liability. 26 U.S.C. § 6201(a)(1).[4]

### D. The United States Tax Court's Resolution Of Plaintiffs' 1997 And 1998 Tax Deficiencies.

On July 1, 2002, Plaintiffs filed a Petition with the Tax Court challenging the IRS's deficiency determinations regarding taxes due for tax years 1997 and 1998. Gov't Mot. Ex. C. In a November 8, 2004 Final Decision, the Tax Court held that Plaintiffs were liable for deficiencies of $17,091.00 for 1997 and $17,867.00 for 1998. *Montagne v. Comm'r,*

---

1. The facts recited herein were derived from the April 15, 2009 Amended Complaint ("Am. Compl."), the June 4, 2009 Second Amended Complaint ("Sec. Am. Compl."), Exhibits A–E filed by Plaintiffs in support of the June 4, 2009 Second Amended Complaint ("Pl. Ex. A–E"), and Exhibits A–I filed in support of the Government's June 29, 2009 Motion to Dismiss ("Gov't Mot. Ex. A–I").

2. Section 6651(a)(1) of the Internal Revenue Code provides: "to file any return required . . . on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to a reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate[.]" 26 U.S.C. § 6651(a)(1).

3. Section 6662(d)(1) of the Internal Revenue Code provides: "[there is a] substantial understatement of income tax . . . for any taxable year if the amount of the understatement for the taxable year exceeds the greater of—(i) 10 percent of the tax required to be shown on the return for the taxable year, or (ii) $5,000." 26 U.S.C. § 6662(d)(1).

4. Section 6201(a)(1) of the Internal Revenue Code provides: "the Secretary is authorized and required to make the inquiries, determinations, and assessments of all taxes (including interest, additional amounts, additions to the tax, and assessable penalties) imposed by this title, or accruing under any former internal revenue law, which have not been duly paid by stamp at the time and in the manner provided by law. Such authority shall extend to and include . . . [t]axes shown on return.[ ] The Secretary shall assess all taxes determined by the taxpayer or by the Secretary as to which returns or lists are made under this title." 26 U.S.C. § 6201(a)(1).

T.C. Memo. 2004–252 at 4, *aff'd,* 166 Fed. Appx. 265 (8th Cir.2006). In addition, the Tax Court found Plaintiffs liable for a tax delinquency penalty, pursuant to 26 U.S.C. § 6651(a)(1), of $3,956.00 for 1997 and a tax accuracy penalty, pursuant to 26 U.S.C. § 6662(d)(1), of $3,418.00 for 1997 and $3,573.00 for 1998. *Montagne,* T.C. Memo. 2004–252 at 4–5.[5] The Tax Court rejected Plaintiffs' contention that they were entitled to a tax deduction for losses associated with their horse-training and horse-breeding activities, because Plaintiffs lacked "an actual and honest objective of making a profit [from these activities] within the meaning of section 183." [6] *Id.* at 4. In addition, the Tax Court also rejected an argument that Plaintiff Brad J. Montagne, a chiropractor who operated his own practice as a sole proprietorship in 1997 and 1998, was not liable for self-employment taxes under 26 U.S.C. § 1401(a).[7] *Id.*

### E. The Internal Revenue Service Office Of Appeals' Resolution Of Plaintiffs' 1996, 1998, And 1999 Tax Deficiencies.

On April 21, 2002, the IRS Commissioner issued a Final Notice of Intent To Levy regarding Plaintiffs' tax years 1996, 1998, and 1999. Gov't Mot. Ex. G. The Final Notice explained that Plaintiffs had a statutory right to a collection and due process ("CDP") hearing. *Id.* On May 20, 2002, the IRS Commissioner received Plaintiffs' request for a CDP hearing. Gov't Mot. Ex. H. A CDP hearing was held November 15, 2002 [8] and, on November 20, 2002, the IRS issued a Notice of Determination sustaining the IRS Commissioner's April 21, 2002 Final Notice of Intent To Levy, because Plaintiffs "didn't set forth any reasons why the proposed levy action wasn't appropriate" and "failed to offer an acceptable alternative that is less intrusive than the proposed levy." I.R.S. Notice 6559 at 1–2 (Nov. 20, 2002).

### F. The United States Tax Court's Resolution of Plaintiffs' 1996, 1998, And 1999 Tax Deficiencies.

Plaintiffs then challenged the November 20, 2002 Notice of Determination in Tax Court. Gov't Mot. Ex. I. The Tax Court granted the IRS's motion for summary judgment after Plaintiffs were ordered to file and serve a written response to the IRS's motion by August 19, 2003, but failed to do so. *Id.* On September 26, 2003, a final judgment was entered in favor of the IRS Commissioner for the tax years 1996, 1998, and 1999. *Montagne v. Comm'r,* Docket No. 19709–02L (Order entered Sept. 26, 2003).

### G. The Internal Revenue Service Office Of Appeals' Resolution Of Plaintiffs' 1997 Tax Deficiencies.

On August 9, 2006, the IRS Commissioner also issued a Final Notice of Intent To Levy

---

5. The 1997 and 1998 Certificates of Assessments and Payments reflect that a civil fraud penalty was assessed, pursuant to 26 U.S.C. § 6663, instead of an understatement penalty under 26 U.S.C. § 6662(d)(1). Gov't Mot. Exs. E & F. The Tax Court, however, did not find Plaintiffs liable under 26 U.S.C. § 6663, but instead found that Plaintiffs were liable for a delinquency penalty under 26 U.S.C. § 6651(a)(1) and an accuracy penalty under 26 U.S.C. § 6662(d)(1) for the 1997 and 1998 tax years. *Montagne,* T.C. Memo. 2004–252 at 4–5. Accordingly, the Government has represented that the IRS will remove the civil fraud penalty assessment and correct the 1997 and 1998 assessments to conform to the Tax Court's Final Decision. Gov't Mot. at 3.

6. Section 183(a) of the Internal Revenue Code provides that, if an activity is not engaged in for profit, no deduction attributable to such activity is allowed. 26 U.S.C. § 183(a). Section 183(c) defines an "activity not engaged in for profit" as "any activity other than one with respect to which deductions are allowable for the taxable

year under section 162 or ... paragraph (1) or (2) of section 212." 26 U.S.C. § 183(c). For a deduction to be allowed under section 162 or 212(1) or (2), a taxpayer must establish that he or she engaged in the activity with an actual and honest objective of making an economic profit independent of tax savings. *Antonides v. Comm'r,* 91 T.C. 686, 693–94, 1988 WL 98359 (1988) ("A taxpayer must show that he engaged in an activity with an actual and honest objective of making a profit in order to deduct expenses of the activity under either section 162 or 212.").

7. Section 1401(a) of the Internal Revenue Code imposes a tax upon the self-employment income of every individual. 26 U.S.C. § 1401(a). Self-employment income consists of gross income an individual derives from carrying on any trade or business. *Id.*

8. At the November 15, 2002 CDP hearing, Plaintiffs did not dispute receiving a copy of the June 7, 2000 Notice of Deficiency regarding their 1996 taxes. Gov't Mot. Ex. H.

in the amount of $51,572.04 for Plaintiffs' failure to pay their 1997 taxes. Gov't Mot. Ex. E. Plaintiffs appealed and a CDP hearing was held on October 5, 2007. *Id.* On November 5, 2007, the IRS Office of Appeals issued a determination letter sustaining the August 9, 2006 Final Notice of Intent To Levy. *Id.* Plaintiffs waived review of that decision. *Id.*

## II. PROCEDURAL HISTORY.

On April 3, 2009, Plaintiffs filed a *pro se* Complaint ("Compl.") in the United States Court of Federal Claims, alleging that the IRS' collection of Plaintiffs unpaid income taxes was a taking of private property for which Plaintiffs were entitled to "just compensation." Compl. at 2.[9] On April 15, 2009, Plaintiffs filed an Amended Complaint.

As of April 18, 2009, the Certificates of Assessment and Payments for Plaintiffs' 1996–1999 tax years showed that Plaintiffs owed $44,303.82 for 1996 taxes, $51,572.04 for 1997 taxes, $51,053.68 for 1998 taxes, and $3,625.34 for 1999 taxes. Gov't Mot Exs. A, D, E, & F. On May 16, 2009, Plaintiffs received a letter from BankWest informing them that the IRS levied $5,271.74 on a joint bank account owned by plaintiff Teri L. Montagne and Edward Lemler, who is not a party to this suit. Gov't Mot. Ex. A.

On June 4, 2009, Plaintiffs filed a Second Amended Complaint, together with Exhibits A–E ("Pl. Ex. A–E"). Oh June 29, 2009, the Government filed a Motion To Dismiss, together with Government Exhibits A–I. On July 7, 2009, Plaintiffs filed a Response ("Pl. Resp."). On July 10, 2009, Plaintiffs filed an Addendum to the July 7, 2009 Response ("Pl. Add."). On July 17, 2009, the Government filed a Reply ("Gov't Reply").

On July 31, 2009, Plaintiffs filed a Motion for Summary Judgment. On August 24, 2009, the Government filed a Response. On August 31, 2009, Plaintiff filed a Motion To Take Judicial Notice and Motion To Quash "Respondent's Motions." On October 9, 2009, Plaintiffs again filed a Motion for Summary Judgment.

## III. DISCUSSION.

### A. Jurisdiction.

■ The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages ... the Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976) (citations omitted). Therefore, to pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *Todd v. United States*, 386 F.3d 1091, 1094 (Fed.Cir.2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed.Cir.2005) (*en banc*) ("The Tucker Act ... does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages. In the parlance of Tucker Act cases, that source must be 'money-mandating.' ") (citations omitted).

---

9. The Office of the United States Court of Federal Claims Clerk placed Plaintiffs' Complaints under seal, only because they contained Plaintiffs' social security numbers. This Mcmorandum Opinion and Final Order is not placed under seal, because it does not contain Plaintiffs' social security numbers.

## B. Standard For Decision On A Motion To Dismiss, Pursuant To RCFC 12(b)(1).

A challenge to the "[United States Court of Federal Claims'] general power to adjudicate in specific areas of substantive law ... is properly raised by a [Rule] 12(b)(1) motion[.]" *Palmer v. United States,* 168 F.3d 1310, 1313 (Fed.Cir.1999); *see also* RCFC 12(b)(1) ("Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction[.]"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in plaintiff's favor." *Henke,* 60 F.3d at 797. Nonetheless, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.,* 846 F.2d 746, 748 (Fed.Cir.1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question ... [plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

## C. Standard For Decision On A Motion To Dismiss, Pursuant To RCFC 12(b)(6).

On May 18, 2009, the United States Supreme Court issued *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), restating the pleading standard previously discussed in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). To survive a Fed. R.Civ.P. 12(b)(6) motion to dismiss, a complaint must "state a claim to relief that is plausible on its face," *i.e.,* sufficient factual content must be pled on which a court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). The Court explained that the plausibility standard "asks for more than a sheer possibility that [the] defendant has acted unlawfully." *Id.* "Plausibility of 'entitlement to relief'" requires more than pleading facts that are "merely consistent with" a defendant's liability. *Id.*

(quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

In *Iqbal,* the Court discussed the "two working principles" of *Twombly's* heightened pleading requirements. *Id.* First, although factual allegations alleged must be accepted as true, the trial court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1949–50 (citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955). Accordingly, the Court advised trial courts to begin their analysis "by identifying the allegations [of law] in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. If the legal allegations are of a "conclusory nature," they are not entitled to the presumption of truth. *Id.* Second, to survive a Fed.R.Civ.P. 12(b)(6) motion to dismiss, a complaint also must state a "plausible claim for relief." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556, 127 S.Ct. 1955). Here, factual allegations are examined to determine "if they plausibly suggest an entitlement to relief." *Id.* at 1951.

## D. Pleading Requirements Of A *Pro Se* Plaintiff.

In the United States Court of Federal Claims, the pleadings of a *pro se* plaintiff are held to a less stringent standard than those of litigants represented by counsel. *Hughes v. Rowe,* 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers.") (quotation and citation omitted). Indeed, it has been the tradition of the court to examine the record "to see if [a pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States,* 188 Ct.Cl. 456, 412 F.2d 1285, 1292 (1969). Nevertheless, while the court may excuse ambiguities in a *pro se* plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke,* 60 F.3d at 799.

## E. The Court's Resolution Of The Government's June 29, 2009 Motion To Dismiss.

### 1. Plaintiffs' June 4, 2009 Second Amended Complaint.

The June 4, 2009 Second Amended Complaint alleges that the tax deficiencies at

issue are unlawful, because Plaintiffs never received a Notice of Deficiency and there is no TC code 494 on the IRS's "IMF," [10] indicating that a Notice of Tax Deficiency was issued. Sec. Am. Compl. at 1–2. Without notice, 26 U.S.C. § 6312 [11] bars all collection by the Government in this case. *Id.* In addition, the June 4, 2009 Second Amended Complaint alleges that Plaintiffs fully paid all deficiencies due for tax years 1996–1999 on October 28, 2008, by promissory note number 40017 in the amount of $209,777.44, and promissory note number 40018, in the amount of $132,285.34, received on November 3, 2008, by the IRS Office in Cincinnati, Ohio. Sec. Am. Compl. at 2; *see also* Pl. Ex. B. Subsequently, Plaintiffs corrected and reissued these promissory notes. Pl. Add. Ex. A. The June 4, 2009 Second Amended Complaint also alleges the Government's levy of $5,271.74 from a joint bank account owned by plaintiff Teri L. Montagne and Edward Lemler, who is not a party to this suit, is unlawful. Sec. Am. Compl. at 2.

### 2. The Government's June 29, 2009 Motion To Dismiss.

#### a. The Government's Argument

The Government moves to dismiss the June 4, 2009 Second Amended Complaint on several grounds. First, the court does not have jurisdiction over the levy action. *Id.* at 5. Under the Tucker Act, a Plaintiff must establish an "independent substantive right to money damages or a money mandating source within a contract, statute, regulation, or Constitutional provision." *Id.* (quoting *United States v. Testan,* 424 U.S. at 398, 96 S.Ct. 948). Therefore, "[i]nsofar as the claim for restitution of the money collected by the IRS by means of levy is construed as a claim sounding in tort, such a tort claim is expressly excluded from this [c]ourt's jurisdiction by

the Tucker Act." *Id.* at 5–6. Likewise, the court does not have jurisdiction to enjoin the IRS from collecting a validly assessed tax by revoking a lien or levy, absent a colorable claim for money damages. *Id.* at 6.

Second, to the extent that the June 4, 2009 Second Amended Complaint seeks damages for an unlawful collection action, only a United States District Court would have jurisdiction over such a claim. Gov't Mot. at 7. Pursuant to 28 U.S.C. § 1631, a transfer to a district court is authorized, but only "if it is in the interest of justice." *Id.* Here dismissal, rather than transfer to United States District Court, is required, because the doctrine of *res judicata* precludes Plaintiffs from challenging the 1997 and 1998 tax assessments that are subject to the Tax Court's decision in *Montagne,* T.C. Memo. 2004–252, that is now final. *Id.* In that decision, "the Tax Court found that [P]laintiffs were liable for the assessments, the delinquency penalty assessed per I.R.C. § 6651(a)(1), and the accuracy related penalty assessed per I.R.C. § 6662(d)(1) for tax years 1997 and 1998." *Id.* (quoting *Montagne,* T.C. Memo. 2004–252 at 4–5). Likewise, Plaintiffs are barred from challenging the IRS collection action for tax years 1996, 1998, and 1999, because the Tax Court granted summary judgment in favor of the IRS. The time for appeal has expired, so that decision also is now final. *Montagne v. Comm'r,* Docket No. 19709–02L (Order entered Sept. 26, 2003). Accordingly, the doctrine of *res judicata* precludes Plaintiffs from continuing to litigate the merits of collection actions for the 1996, 1997, 1998, and 1999 tax years. Gov't Mot. at 7.

Third, the court also does not have jurisdiction over a claim for refund in this case, because Plaintiffs failed to pay in full the taxes owed for the years at issue. *Id.* at 7–8.

---

10. An "IMF" is a master file maintained by the IRS that contains coded information about an individual's tax status. *United States v. Buford,* 889 F.2d 1406, 1407 n. 1 (5th Cir.1989) ("The IMF consists of one or more pages of coded information for each social security recipient and includes, primarily, a breakdown of all information relevant to the tax status of the individual concerning the filing of federal income tax forms, the payment of taxes, refunds due, filing status, number of children, dates of filings, audits, etc.").

11. Although Plaintiffs cite 26 U.S.C. § 6312 for authority, this statute was repealed by Pub. L. No. 92–5, § 4(a)(2), Mar. 17, 1971, 85 Stat. 5. The governing statutes only require the IRS to send a notice of tax deficiency by certified or registered mail to a taxpayer's last-known address before making an assessment for delinquent taxes; actual receipt of the deficiency notice is not necessary. 26 U.S.C. §§ 6212(a)-(b).

The June 4, 2009 Second Amended Complaint alleges that Plaintiffs paid all tax assessments in October 2008 by a certified Promissory Note. Pl. Ex. B. The Government, however, counters that a "self-fabricated 'certified promissory note' which purports to be a 'U.C.C. negotiable instrument redeemable at full face value when presented to the maker at his address' (the maker is plaintiff Brad J. Montagne, and the address is his P.O. Box) is plainly frivolous and is not payment of the taxes due." Gov't Mot. at 8.

Fourth, the Government concedes the June 4, 2009 Second Amended Complaint could be construed as a Takings Clause claim, but it is "axiomatic that the collection of a legally authorized tax is not a taking under the Fifth Amendment." Gov't Mot. at 6.

In the alternative, the Government contends that Plaintiffs' claim is forfeited, because 28 U.S.C. § 2514 "provides for forfeiture of a tax claim when a party attempts to establish its claim through fraud." *Id.* In this case, forfeiture is appropriate, because the basis for Plaintiffs' claim is premised on the false representation that they did not receive deficiency notices. *Id.* Plaintiffs attached a copy of the deficiency notices received from the IRS for years 1997 and 1998 in their Tax Court proceedings and Plaintiffs did not "dispute the receipt of a notice of deficiency in their prior CDP hearing." *Id.* Therefore, since "one basis of [Plaintiffs'] claim for relief is premised on the representation that they did not receive notices of deficiency from the IRS ... [b]ecause this is a false statement, forfeiture of [P]laintiffs' claim is appropriate." *Id.*

### b. Plaintiffs' Response.

On July 7, 2009, Plaintiffs filed a Response, arguing that the court should treat this case as a taking of private property, requiring just compensation. Pl. Resp. at 1.

Plaintiffs also challenge the validity of the Notices of Deficiency and Certificates of Assessment for the years at issue. *Id.* at 1–2. In support, Plaintiffs rely on *Wiley v. United States,* 20 F.3d 222, 227–28 (6th Cir.1994), wherein the United States Court of Appeals for the Sixth Circuit "clearly recognized that a TC 494 Notice of Deficiency (NOD) needed to appear on the Master File, the official record." Pl. Resp. at 1. In this case, the Plaintiffs' IMF is "notoriously absent [of a] TC 494 for the years at question and levy here, and there is no entry in the IMF corresponding to the dates supplied by counsel for the purported NOD." *Id.* at 1.

In addition, the Certificates of Assessment do not contain a date of mailing of any Notice of Deficiency and have no valid signature or date as required by 26 C.F.R. § 301.6203–1.[12] *Id.* at 2. Therefore, the record "lacks the essential conditions to validate it[,]" and the court "has no reason to accept into the record papers that have no substance of law to be valid." *Id.*

Plaintiffs further accuse Government's counsel of "implicat[ing] herself, the collections officer, and the FOIA officer, in violation of 26 [U.S.C. § 7214], for making and signing fraudulent entries, and fail[ing] to perform their duties, making them personally liable for damages." *Id.* Any fraud, therefore, "is not one perpetrated by [Plaintiffs], but one by color of law, absent the requirements of law." *Id.* at 2–3.

In addition, Plaintiffs challenge the Government's contention that *res judicata* bars Plaintiffs' claims, because "[l]ack of jurisdiction either of the person or of the subject matter precludes an administrative determination from being res judicata." *Id.* at 3. Since the Notice of Deficiency and certificates of assessment are not valid, "all determination[s] based upon that ignorance is void due to lack of validity." *Id.*

Finally, Plaintiffs reassert that their Promissory Notes are valid, as they "are essentially the same as used by the banking industry ... there certainly cannot be different laws for the banks as for [Plaintiffs]," and "demand[ ] that [Government's] counsel provide this court with the case law that forbids banks from using this form of commercial

---

12. Treasury Regulation 301.6203–1 provides: "If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed." 26 C.F.R. § 301.6203–1.

paper to create assets, and how that is denied to the private citizen." *Id.* at 4. Since the Notes were not returned, Plaintiffs contend they should be deemed as accepted by the Government. *Id.* In addition, Plaintiffs demand a complete record of how the Notes were handled and their whereabouts, and conclude that "[t]his court retains the capacity and is the only venue to grant the relief sought by [P]laintiffs." *Id.*

### c. The Government's Reply.

The Government replies that, although Plaintiffs' Response challenges the validity of the Notice of Deficiency and the Certificate of Assessment and Payment for the years at issue, Plaintiffs have presented no evidence that the IRS did not assess taxes in the amount stated on the 1996–1999 Certificates. Gov't Resp. at 2. A Certificate of Assessment and Payment is "presumed to be correct, and is *prima facie* evidence that the IRS made the assessments reflected in the Certificate." *Id.* (citing *Rocovich v. United States,* 933 F.2d 991, 994 (Fed.Cir.1991) (holding that a Certificate of Assessment and Payment is presumptive proof of a valid assessment by the IRS)); *see also Rohmann v. United States,* 25 Cl.Ct. 274, 289 (1992) (finding that an IRS Certificate of Assessment and Payment, attached to the Government's Motion for Partial Dismissal is presumptively correct and admissible). The taxpayer bears the "burden of proving by a preponderance of the evidence that the [Government] did not assess tax in the amount stated on the Certificate." Gov't Resp. at 2 (citing *Dallin ex. rel. Estate of Young v. United States,* 62 Fed.Cl. 589, 601 (2004) (holding that the taxpayer has the burden to prove the Government's tax assessment is incorrect), *app. dismissed,* 124 Fed.Appx. 660 (Fed.Cir.2005); *see also Donahue v. United States,* 33 Fed.Cl. 600, 604 (1995) (same)). Plaintiffs had an opportunity to dispute the validity of the notice of deficiency in Tax Court in *Montagne,* T.C. Memo. 2004–252, for tax years 1997 and 1998, and in *Montagne v. Commissioner,* Docket No. 19709–02L, for tax years 1996, 1998, and 1999 (Order entered Sept. 26, 2003), both of which are now final. *Id.*

As for the Promissory Notes, they are not valid, because the Certificates of Assessment do not indicate that the original notes were accepted as payment. *Id.* at 3. Although Plaintiffs claimed to have "corrected" the Promissory Notes, correction is "neither apparent from an examination of the notes nor does it remedy their primary defect—they are not drawn on a legitimate domestic financial institution." *Id.* Even if the Promissory Notes were valid, "jurisdiction prerequisites must be satisfied at the time the complaint is filed . . . so [P]laintiffs' post factum payment would not cure their failure to satisfy the full-payment rule." *Id.; see also Lujan v. Defenders of Wildlife,* 504 U.S. 555, 571 n. 4, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (holding that jurisdiction is determined at the time the complaint is filed and post-filing events cannot create jurisdiction). Finally, Plaintiffs' contention that Government's counsel violated 26 U.S.C. § 7214, "is plainly frivolous and . . . is not responsive to [the Government's] discussion of the court's jurisdiction." Gov't Resp. at 3.

### 3. The Court's Resolution.

### a. The Court Does Not Have Jurisdiction Over Plaintiffs' Tort Claims And Transfer Is Barred By The Doctrine Of Res Judicata.

The United States Court of Federal Claims has held that claims for relief premised on alleged negligent, wrongful, or unauthorized conduct by the IRS are based in tort and not within the jurisdiction of this court. *Betz v. United States,* 40 Fed.Cl. 286, 292, *app. dis.,* 155 F.3d 568 (Fed.Cir.1998) (holding that claims for relief premised on alleged negligent, wrongful, or unauthorized conduct by the IRS are based in tort and not within the jurisdiction of this court). In addition, the allegations in the June 4, 2009 Second Amended Complaint that certain Government officials acted unlawfully and committed fraud in violation of Plaintiffs' due process rights is a tort claim over which the court does not have jurisdiction. *Id.* Moreover, Section 7433(a) of the Internal Revenue Code provides that a claim for money damages for unauthorized collections by the IRS must be brought exclusively "in a district court of the United States." 26 U.S.C. § 7433(a); *see also Brown v. United States,* 105 F.3d 621, 624 (Fed.Cir.1997) (holding

that this court does not have jurisdiction over tax claims for declaratory or equitable relief); *Thorndike v. United States*, 72 Fed.Cl. 580, 583 (2006) (holding that the United States Court of Federal Claims does not have jurisdiction to enter declaratory judgment that taxpayers were not liable for any type of federal income tax or to issue injunction permanently removing the tax liens on property and levies on wages).

■ The United States Court of Federal Claims has jurisdiction to transfer, "if it is in the interests of justice." 28 U.S.C. § 1631.[13] In this case, however, the "interests of justice" do not require transfer, because Plaintiffs challenged the assessments for 1997 and 1998 in United States Tax Court, and that court found Plaintiffs liable. *Montagne*, T.C. Memo. 2004–252. Further, Plaintiffs had an opportunity to challenge the collection actions for 1996, 1998, and 1999 in Tax Court and did so. *Montagne v. Comm'r*, Docket No. 19709–02L (Sept. 26, 2003). Therefore, the doctrine of res judicata precludes Plaintiffs from now challenging those final judgments in a United States District Court. *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326 n. 5, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979) (holding that *res judicata* applies when: the parties are identical or in privity; the first suit proceeded to a final judgment on the merits; and the second claim is based on the same set of transactional facts as the first). Accordingly, because Plaintiffs have had an opportunity to adjudicate deficiencies for tax years 1996, 1997, 1998, and 1999 in Tax Court, the doctrine of *res judicata* precludes Plaintiffs from continuing to challenge the collection action for these tax years.

### b. The Court Does Not Have Jurisdiction Over Plaintiffs' Refund Claim.

■ The June 4, 2009 Second Amended Complaint also could be construed as alleging a claim for tax refund, because Plaintiffs request the return of taxes that they allegedly paid. Sec. Am. Compl. at 1–2. The court, however, does not have jurisdiction over this claim, because Plaintiffs have failed to pay the taxes owed in full. 26 U.S.C. § 6511(a). Plaintiffs insist that they fully paid the taxes in October 2008, as evidenced by Exhibit B to Plaintiffs' April 3, 2009 Complaint, *i.e.*, a "Certified Promissory Money Note[,]" that states it is a "U.C.C. negotiable instrument redeemable at full face value when presented to [Plaintiffs' address]." Pl. Ex. B. Plaintiffs later corrected the Promissory Note and proffered it in Plaintiffs' July 10, 2009 Addendum. Pl. Add. Ex. A. This Promissory Note, however, is not a payment of the taxes due, because it is not a "means of cash or cash equivalents" as required by Section 6311 of the Internal Revenue Code. 26 U.S.C. § 6311; *see also* 26 C.F.R. § 301.6311–1.[14] Therefore, since Plaintiffs have not paid the taxes at issue, the court does not have jurisdiction over Plaintiffs' tax refund claim. *Shore v. United States*, 9 F.3d 1524, 1526 (Fed.Cir.1993) (holding that full payment of

---

**13.** Section 1631 of Title 28 of the United States Code states that, "[w]henever a civil action is filed in [this court], is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631.

**14.** Treasury Regulation § 301.6311–1 provides: The "IRS" may accept checks or drafts drawn on any financial institution incorporated under the laws of the United States or under the laws of any State, the District of Columbia, or any possession of the United States, or money or-

ders in payment for internal revenue taxes, provided the checks, drafts, or money orders are collectible in United States currency at par[.] ... A check or money order in payment for internal revenue taxes or internal revenue stamps should be made payable to the United States Treasury ... the term "money order" means: (a) U.S. postal, bank, express, or telegraph money order; (b) money order issued by a domestic building and loan association ... or by a similar association incorporated under the laws of a possession of the United States; (c) a money order issued by such other organization as the Commissioner may designate ... the director may refuse to accept any personal check whenever he or she has good reason to believe that such check will not be honored upon presentment.
26 C.F.R. § 301.6311–1.

the assessment is also required for tax refund suits brought in the [United States] Court of Federal Claims).

### c. The Court Does Not Have Jurisdiction Over Plaintiffs' Takings Claim.

 Although Plaintiffs also argue the court has jurisdiction "as described in 28 U.S.C. § 1491, for a claim for just compensation for the taking of property [ ] by the government," as a matter of law, tax collection is not a cognizable taking under the Fifth Amendment.[15] *U.S. Shoe Corp. v. United States*, 296 F.3d 1378, 1383 (Fed.Cir. 2002) (holding that taxes are not private property that can be physically "taken" by the Government). As the United States Court of Federal Claims has held, "[t]axes do indeed 'take' income, but this is not the sense in which the Constitution uses 'takings'" and that "the lawful exercise of the Government's collection powers does not amount to a prohibited Fifth Amendment 'taking'." *Skillo v. United States*, 68 Fed.Cl. 734, 743 (2005). In this case, the Government lawfully issued a levy when Plaintiffs failed to pay their income taxes for the years at issue. Accordingly, the court does not have jurisdiction over a claim that the issuance of a levy was a compensable taking of private property in violation of the Fifth Amendment.

### d. The Court Does Not Have Jurisdiction Over Plaintiffs' Claims Arising Out Of The Levy On A Joint Account.

The IRS Commissioner is authorized to levy on joint accounts where a taxpayer has unrestricted withdrawal rights regardless of which account holder deposited the funds. 26 C.F.R. § 301.6332–1(c)(4), Ex. 1. Plaintiffs do not have standing to bring an action on behalf of Mr. Lemler, and the United States Court of Federal Claims does not have jurisdiction to hear such a case. 26 U.S.C. § 7426(a) (actions for wrongful levy by a joint account holder who does not owe the tax must be brought by the account holder in a United States District Court).

### e. The Court Declines To Rule On The Government's Forfeiture Claim.

Because the court does not have jurisdiction over the claims alleged in the June 4, 2009 Second Amended Complaint, the court does not need to decide whether Plaintiffs have forfeited their claims as a result of fraudulent statements.[16]

## IV. CONCLUSION.

For the above reasons, the Government's June 29, 2009 Motion To Dismiss is granted. Accordingly, it is unnecessary for the court to address any of the subsequent motions filed in this case. The Clerk of the Court for the United States Court of Federal Claims is directed to dismiss the June 4, 2009 Second Amended Complaint.

**IT IS SO ORDERED.**

---

15. The Takings Clause of the Fifth Amendment provides: "nor shall private property be taken for public use, without just compensation." U.S. Const. amend. V.

16. Plaintiffs' April 3, 2009 Complaint alleges that Plaintiffs never received a Notice of Deficiency for any of the tax years at issue. Compl. at 2. Plaintiffs, however, attached a copy of a Notice of Deficiency for 1997 and 1998 in their Petition to the Tax Court challenging the deficiency determinations for these years. Gov't Mot. Ex. C. Further, Plaintiffs did not dispute their receipt of a Notice of Deficiency at the November 15, 2002 CDP hearing. Gov't Mot. Exs. E, G, H. Section 2514 of Title 28 of the United States Code requires forfeiture of a tax claim when a party attempts to establish its claim through fraud. 28 U.S.C. § 2514; *see also Standard Oil v. United States*, 98 Ct.Cl. 201, 246, 47 F.Supp. 120 (1942) (holding that Plaintiff's claim for refund of corporate income taxes was forfeited when Plaintiff presented forged corporate minutes to the IRS with the knowledge they were forged); *see also Kamen Soap Products v. United States*, 129 Ct.Cl. 619, 641, 124 F.Supp. 608 (1954) (holding that forfeiture of a claim [against the United States] is established if any fraud is practiced or attempted to be practiced in proving, establishing or allowing a claim); *DeRochemont v. United States*, 23 Cl.Ct. 87 (1991) (requiring forfeiture of tax refund claim when taxpayer used fraudulent evidence to initiate the suit).